| | |
|---|---|
| CLEAR CREEK COUNTY DISTRICT COURT,<br>STATE OF COLORADO<br>405 Argentine<br>Georgetown, CO 80444 | DATE FILED<br>March 17, 2025 3:29 PM<br>FILING ID: 699DD935450CD<br>CASE NUMBER: 2025CV30009 |
| Plaintiff:<br><br>**ABDULLAH ALAZZAWI,**<br><br>v.<br><br>Defendant:<br><br>**NURBEK ABDRAKHMANOV; TAKIN TRANSPORTATION, INC.; and AMAZON.COM SERVICES, LLC d/b/a AMAZON.** | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br>Benjamin T. Norton, #45118<br>The Law Offices of Ben Norton, PLLC<br>600 Grant Street, Suite 510<br>Denver, CO 80203<br>Phone Number: 303-390-1666<br>Fax Number: Declined<br>E-mail: ben@nortoninjurylaw.com | Case Number:<br><br>Div.: |

**COMPLAINT AND JURY DEMAND**

Plaintiff, by and through his attorney, states and alleges as follows for his Complaint and Jury Demand against the Defendants:

**FACTS AND ALLEGATIONS**

1. At all times relevant to this action, Plaintiff Abdullah Alazzawi was a resident of Colorado.

2. On information and belief, at all times relevant to this action, Defendant Nurbek Abdrakhmanov was a resident of Ohio, residing at 5041 Tri County View Drive, Hamilton, OH 45011.

3. On information and belief, at all times relevant to this action, Defendant Takin Transportation,



EXHIBIT A

Inc. (“Takin”) was an Ohio corporation with a principal address of 8660 Arrowwood Drive, Mason, OH 45040.

4. On information and belief, at all times relevant to this action, Defendant Amazon.com Services, LLC (“Amazon) was a foreign company with a principal office address of 410 Terry Avenue North, Seattle, WA 98109.

5. On May 12, 2024, Plaintiff was the restrained driver of a 2016 Freightliner Cascadia.

6. At the same time, Defendant Abdrakhmanov was operating a 2019 Freightliner.

7. On information and belief, the 2019 Freightliner was registered to Defendant Takin.

8. On information and belief, the 2019 Freightliner was owned by Defendant Takin.

9. On information and belief, the 2019 Freightliner was hauling a trailer owned by Defendant Amazon.

10. Plaintiff was travelling eastbound on I-70 near milepost 216.

11. Plaintiff was operating his vehicle in a manner that was safe, careful, and lawful.

12. It was snowing at the time.

13. Defendant Abdrakhmanov was also driving eastbound on I-70, in front of the Plaintiff.

14. Defendant Abdrakhmanov drove too fast for the weather conditions and jackknifed, blocking both lanes of traffic.

15. The Plaintiff tried to avoid Defendant Abdrakhmanov’s vehicle.

16. However, because Defendant Abdrakhmanov was blocking both lanes, Plaintiff was not able to get around Defendant Abdrakhmanov’s vehicle.

17. Therefore, Plaintiff collided with the trailer being hauled by Defendant Abdrakhmanov (“the Collision”).

18. On information and belief, Defendant Abdrakhmanov drove too fast for the weather conditions.

19. On information and belief, Defendant Abdrakhmanov failed to maintain a lookout.

20. On information and belief, Defendant Abdrakhmanov failed to pay attention to the conditions around him.

21. On information and belief, Defendant Abdrakhmanov's vehicle was blocking both lanes of traffic at the time of the Collision.

22. On information and belief, Defendant Abdrakhmanov failed to timely set up flares or otherwise warn vehicles that he was blocking both lanes of traffic.

23. Plaintiff was wearing his seatbelt at the time of the Collision.

24. Defendant Abdrakhmanov drove in a manner that was negligent, unlawful, careless and reckless by driving too fast for weather conditions, failing to maintain a lookout, failing to pay attention, blocking both lanes of traffic, failing to warn other drivers that he was blocking both lanes of traffic, and otherwise causing the Collision.

25. The Collision occurred within Clear Creek County, in the State of Colorado.

26. On information and belief, there were no sudden emergencies presented to Defendant Abdrakhmanov, no defects in the roadway, no mechanical failures of the vehicle operated by Defendant Abdrakhmanov, and no negligence of any other person, party or entity, which contributed to a cause of the Collision.

27. Plaintiff was not comparatively negligent in the Collision.

28. On information and belief, Defendant Abdrakhmanov was acting as an actual or apparent servant, agent, or employee of Defendants Takin and Amazon.

29. Upon information and belief, at the time of the Collision, Defendant Abdrakhmanov operated the 2019 Freightliner for the economic benefit of, and pursuant to the direction and authorization of, Defendants Takin and Amazon.

30. Jurisdiction is proper in this Court pursuant to C.R.S. § 13-1-124(1)(b).

31. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(5).

32. As a direct and proximate result of the Collision, Plaintiff sustained injuries, damages, and losses, including, without limitation, physical injury to various parts of his body.

33. Plaintiff's injuries required medical treatment, including, without limitation, emergency care, imaging, and conservative care.

## FIRST CLAIM FOR RELIEF

(Negligence against Defendant Abdrakhmanov)

34. Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth herein.



**EXHIBIT A**

35. On May 12, 2024, Defendant Abdrakhmanov was the owner or operator of a 2019 Freightliner.

36. Defendant Abdrakhmanov owed Plaintiff a common law duty of care.

37. Defendant Abdrakhmanov owed Plaintiff a duty to act as a reasonably prudent person would under the same or similar circumstances.

38. Defendant Abdrakhmanov drove too fast for the weather conditions.

39. Defendant Abdrakhmanov failed to maintain a lookout.

40. Defendant Abdrakhmanov failed to pay attention to the conditions around him.

41. Defendant Abdrakhmanov's vehicle blocked both lanes of traffic.

42. Defendant Abdrakhmanov failed to timely set up flares or otherwise warn vehicles that he was blocking both lanes of traffic.

43. Defendant Abdrakhmanov drove in a manner that was negligent, unlawful, careless and reckless by driving too fast for weather conditions, failing to maintain a lookout, failing to pay attention, blocking both lanes of traffic, failing to warn other drivers that he was blocking both lanes of traffic, and otherwise causing the Collision.

44. Defendant Abdrakhmanov breached the duty of care that he owed to Plaintiff.

45. Injury to a person in the Plaintiff's situation was a reasonably foreseeable result of Defendant Abdrakhmanov's negligence.

46. As a direct and proximate result of the negligence of Defendant Abdrakhmanov, Plaintiff suffered injuries, damages, and losses as set forth in more detail above.

**SECOND CLAIM FOR RELIEF**

(Negligence *Per Se* against Defendant Abdrakhmanov)

47. Plaintiff incorporates all other paragraphs of this complaint as if fully set forth herein.

48. Defendant Abdrakhmanov had a duty to comply with applicable statutes, laws, ordinances, codes, regulations, or standards regarding his conduct which were in full force and effect at the time of the Collision.

49. Defendant Abdrakhmanov failed to comply with applicable statutes, laws, ordinances, codes, regulations, or standards regarding his conduct which were in full force and effect at the time of the Collision.



EXHIBIT A

50. The acts of Defendant Abdrakhmanov violated *at least* the following sections of the Colorado Revised Statutes, which were in full force and effect at the time of Collision, 42-4-1402 and 42-4-1007.

51. Plaintiff was among the class of individuals sought to be protected by the statutes, ordinances, codes, or regulations, from the type of harm inflicted upon him.

52. Injury to a person in the Plaintiff's position was a reasonably foreseeable result of Defendant Abdrakhmanov's violation of the statutes, ordinances, codes, or regulations.

53. Defendant Abdrakhmanov's failure to comply with the applicable statutes, ordinances, codes, or regulations, constituted negligence *per se*.

54. As a direct and proximate result of the negligence *per se* of Defendant Abdrakhmanov, Plaintiff suffered injuries, damages, and losses as set forth in more detail above.

**THIRD CLAIM FOR RELIEF**

(*Respondeat Superior* Liability against Defendants Takin and Amazon)

55. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

56. At all times relevant to these proceedings, Defendant Abdrakhmanov was acting with the course and scope of his authority as an actual or apparent servant, agent, or employee of Defendants Takin and Amazon.

57. At all times relevant to these proceedings, Defendant Abdrakhmanov operated the 2019 Freightliner for the economic benefit of, and pursuant to the direction and authorization of, Defendants Takin and Amazon.

58. The actions or omissions of Defendant Abdrakhmanov were the actions or omissions of Defendants Takin and Amazon.

59. Defendants Takin and Amazon are vicariously liable for the actions or omissions of their actual or apparent servants, agents, or employees under the doctrine of *Respondeat Superior*.

60. Defendants Takin and Amazon are liable for Defendant Abdrakhmanov's negligence.

61. As a direct and proximate result of Defendant Abdrakhmanov's negligence, Plaintiff has sustained injuries, damages, and losses as set forth in more detail above.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants and that Plaintiff be awarded an amount that will fully compensate him for all injuries, damages, and losses that he has sustained, including: economic and non-economic damages as provided for under Colorado Law; physical impairment and disfigurement; costs, including expert



**EXHIBIT A**

witness fees; pre and post judgment interest at the maximum amount allowed by law; moratory interest; and for such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests that all matters at issue in this case be tried to a jury of six persons.

Dated: March 17, 2025.

Respectfully Submitted,

The Law Offices of Ben Norton, PLLC

*/s/ Ben Norton*
Benjamin T. Norton, #45118
Attorney for Plaintiff

*In accordance with C.R.C.P. 121 § 1-26(7) a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*

Plaintiff's Address:
2033 S Hannibal Way, Apt D
Aurora, CO 80013



**EXHIBIT A**